the United States Court of Appeals for the Ninth Circuit. We'll draw near, give your attention, and you will be heard. God save the United States and this honorable court. Well good morning and welcome to the Ninth Circuit. Judge Lee and Judge Sung and I are looking forward to a full day of arguments today. We have five cases set for argument so we just remind everybody to pay attention to your time. Let us know if you want to reserve a time for rebuttal and wind up as the time's going down. But thank you all for showing up and thank you to our staff who always helps these things these run smoothly. We'll go ahead and start with our first case set for argument, which is United States v. Green, case number 23-1294. Mr. Barr. Good morning, Your Honors. Paul Barr, federal defenders for Keenan Green. I'd like to reserve two minutes of my time for rebuttal and I'll watch my clock. The district court in this case committed two errors, one pretrial and one at sentencing. Each requires remand. First, the district court committed legal error when it denied Mr. Green's motion for discovery in support of a potential selective enforcement challenge. In doing so, it failed to apply the standards set by this court in U.S. v. Sellers. Second, the district court committed procedural error when it refused to consider the need to avoid unwarranted disparities at the time of sentencing as required by 18 U.S.C. Section 3553A6. Unless the court prefers otherwise, I'll take these issues in order. So can I just ask a question to sort of focus on the selective enforcement prong? It seems like your argument basically boils down to, and I think you're right, under Sellers you can't require evidence of discriminatory intent, right? But here it looks like the district court considered both intent and effects. So can you explain to me why that's not enough, even under Sellers? Well, Your Honor, the first response to Your Honor's question is that as the court indicated, it's improper for the district court to consider discriminatory intent at this preliminary stage of the analysis. So Mr. Green... Hold on. It seems like it's not error to consider it, it's error to require evidence of it. To require evidence of it in order to pass the threshold to receive additional discovery... And I guess what I'm saying is I would agree with you if the district court said there's no evidence of intent, therefore I'm not going to grant a discovery. But I don't see that as what the district court, I don't think that's what the district court judge did. You view it differently, I take it. I do view it differently, Your Honor, though as I understand now Your Honor's question, it seems to be that Your Honor is saying that the court also looked at discriminatory effect, found none, and therefore its ruling could stand on either prong. Is that what I'm understanding? I mean, I don't want to put it so myopically, but it sort of hinges on the oral transcript. This is at ER 260, 226, where the second paragraph there starts with and. And to me, and is disjunctive to say, well, I'm going to discuss effects, you don't have enough evidence under effects, and you don't have enough evidence under intent. I'm sorry, Your Honor, which was the record set for that? Sorry, ER 266. Thank you, Your Honor. I was in the wrong section of the record there. Your Honor, if we look there at the record, the district court says, I don't think there's sufficient basis here to go forward with any claim here that there's discriminatory intent, particularly given the nature. Well, okay, hold on, because I think you cut out the very word, and is at the beginning of that, right? Yes, Your Honor. And so, and is referencing the prior paragraph, which says there's no discriminatory, there's not enough evidence of, says there's a very small number of individuals, there's not enough effects. Your Honor, my contention is that the district court failed, first of all, to cite the standard in cellars at all. So that is the first legal error that the court committed. It just simply ignored the standard. And I think looking at the record, we see that the court was not really applying the standard at all. Again, because it turned to this intent analysis, which is just not part of the analysis established by cellars and by the out-of-circuit cases, Davis and Washington, on which cellars relied. And in fact, the Washington court specifically mentions that, as Your Honor's already mentioned, it's not necessary for a defendant to show discriminatory intent. If I can interrupt here. Admittedly, it's a little bit vague here and ambiguous, because we don't have a written order, just an oral argument transcript. But if it's ambiguous, really the tie goes to the district court judge, right? Because we are to presume the district court knows the law and applied it correctly. Even though here, maybe it could be read your way, it could be read, I think, Judge Nelson's way, that the judge did consider effect and intent was just another additional factor or fact that you mentioned. Looking at the record, Your Honor, I don't see where the district court says anything about effect. What the district court says... Well, isn't that the whole paragraph ahead? I mean, is that your argument that it didn't consider effect at all? I don't... The prior paragraph says they're prosecuting both state and federal court. It looks at the evidence that was presented about effect, and it said, well, that's a sample. It addresses the sample size and says, you've presented some federal cases, but these cases are prosecuted in state and federal court. You've only presented six. Now, district court might have been right or wrong on that, but how is that not evidence of effect and considering effect? Your Honor, my response would be either that the district court did not apply the Seller Standard at all, so it committed an abuse of discretion by not applying the proper standard, or it applied it in such a way that's unreasonable and not based on inferences from the record. Counsel, on the question of whether the district court was applying Sellers, my reading of your motion and the government's opposition is that both parties were essentially arguing for the application of Sellers. The court says, I read the papers, and there just wasn't... I might view this differently if you were saying Sellers and the government was saying, no, we should apply some other case, or you should apply Armstrong strictly, but it seems that there was essentially the government was saying, we'll assume Sellers applies here, and so the district court really only had argument that Sellers should apply. That is true, Your Honor, but again, turning to the record, there's no indication in the record that the judge is actually applying the standard established by Sellers, and again, it's helpful to remember the evidence that Mr. Green presented to the district court, which was that six cases outside of Mr. Green's case, totaling seven defendants, plus his case, there's eight defendants that we discovered that were arrested and then prosecuted based on online social media stings conducted by the San Diego... And they all were black. They were all black men in a county, San Diego, where the population is about 5.5% black. Okay, so I give you that, and if the district court hadn't addressed that evidence, you might have something where we needed to remand it, but again, I come back to that paragraph right before the one we were reading. I don't understand why that doesn't... That isn't the district court looking at the evidence you presented and saying it's just not enough, and again, you may... Obviously, you disagree with that, and we may even disagree with that, but don't we owe the district court the deference here that it looked at that evidence and discounted it and said it's not enough? Again, Your Honor, I stand by my contention that the district court is not applying the standard, but even if the court were to find or conclude that it did apply the standard, it's still an abuse of discretion if the application is illogical, implausible, or without support from the record, and here, the government had every opportunity to come back and say, here are the universe of cases flowing from the San Diego Human Trafficking Task Force online stings, prosecuted in federal court, prosecuted in state court, prosecuted wherever. Well, that seems like a lot to ask. You're basically asking for a backhanded way to get all the discovery you want and force the government to prove in every case that their statistics bear up, and I don't read sellers to even require that. It requires more than mere speculation. That's what this court said, and eight out of eight defendants being black men is more than mere speculation, and again, the government keeps alluding to this entire universe of cases that must be out there, whether it's in state court, federal court, whether they're the same charges or different charges, all related to these online social media stings, but it has not provided any except for the Rojas case, which even if we include that, then eight out of nine of the defendants are black men, and nine out of nine are racial minorities. What support do you have for the argument you're making that because you came forward with your evidence that if the government wanted to say you shouldn't get discovery, they should have come forth with essentially rebuttal evidence in opposition to your motion? It's a little bit hard because sellers said, we're going to give the district court a wide range of discretion here that they can exercise, and the district court seemed to on their knowledge of the task force and that they bring cases in both state and federal court, and then, you know, so it's given the wide range of discretion here, I'm looking for something that says this was an abuse of discretion, and you're saying essentially under these circumstances without the government coming forth with some evidence of what's happening in state court to rebut your evidence of what was happening in federal court, and I'm just not sure where the support for that is in Sellers or any other case. In Sellers, the court said that a defendant need to show more than mere speculation to satisfy it to clear the threshold and be entitled to further discovery, and then left it to the discretion of the district court to determine the scope of that discovery that the defendant is entitled to. So that's how I read Sellers, Your Honor, is that the discretion that the court is exercising once the threshold has been met, which I believe it clearly has here, again, with statistics that are largely unrebutted and that are compelling, overwhelming, showing either 100 percent or 89 percent, if you accept the government's addition to the universe of cases, of the defendants in these cases are black men. And then once that threshold is cleared, then yes, the district court can exercise its discretion in terms of deciding how and when and what discovery the defendant may be entitled to, including after in-camera review or other procedures to make sure that there's not being more material than necessary provided to the defendant, but that's how I read Sellers. Isn't it enough for the district court to say it's mere speculation because the sample size is too small? So for example, if you had only provided two cases over the past 10 years, wouldn't that be enough for the district court to say that sample size is too small, so I'm not going to consider it? I think that there is a limit at which the sample size could be too small, Your Honor. I don't disagree there, and if there was one case or two cases, then I think the conversation would certainly be different, but here we're talking about eight cases, and if we're just thinking merely about a coin flip, which this is not, again, black people comprise approximately five and a half percent of the population, so if you were drawing sort of an even random selection from the population, you'd expect roughly one in 20 of the people would be black. Here we have 100 percent of the people who are being targeted. That's only seven or eight over 10 years, and online sex trafficking isn't some esoteric crime. I mean, presumably it's rampant in this day and age, and seven or eight over a course of 10 years seems like a very small sample size. I assume there must be dozens, if not hundreds, and maybe that's what the district court was thinking. There may be dozens or hundreds, but you would expect that if there were, certainly if there were, in connection with the federal task force that works closely with the federal government, that the government would have provided at least some of that. I'm not saying they would have provided discovery, but they would have said, here are the cases, case name, case number, go look them up yourself. All of these defendants were prosecuted. They are a range of racial demographics. The government didn't do any of those things, so when it comes to speculation, I think the government is speculating, the district court speculated, that there must be other cases out there that are contrary to what we provided, but to this point, none have been provided, again, with the possible loan exception of the Rojas case. I'm well over my time. Thank you. The other amendment to my opening rule was answer our questions, and if we take you over, we'll take care of that. Good morning, your honors. May it please the court. Mark Rahy for the United States. One thing I want to make clear at the start, the court, there should be no question that the court applied the right standard. This court held en banc and carded that, first of all, we presume district courts know the law. As Judge Sung pointed out, the only case that was mentioned by both, or it was front and center in both parties' filings, was Sellers. Another thing I want to point out, Sellers, in the end, it held basically that it's just like all discovery motions, it's an abuse of discretion. This is not an unusual standard. This is the same standard that district courts have applied for decades. I think you've started on your strongest ground, and that is right. I think we presume that the district court knows the standards. Then the question is, did the district court apply the correct standard? Sellers is an interesting case. It does seem to say, look, you can't rely on intent. You can't rely on evidence of intent for selective enforcement actions. If Sellers says that, then why is the district court even talking about intent? Would this have been an easier case if the district court had just ended with the discussion of effects and been done? The way I see it, I almost feel like the court's using shorthand here. I think what Sellers says is you cannot require evidence of discriminatory intent. But let's say some did exist. It would still be relevant. The way I see it is when the judge says in Excerpt of Record 266, I don't think there's a sufficient basis here to go forward with a claim that there's discriminatory intent. That's just shorthand for what this is, a motion for discovery to pursue selective enforcement claim. But to the same token, because I know Judge Lee pointed out that there is some inherent ambiguity, what you don't see here is what was found to be reversible in Sellers in Washington and Davis, where the court makes an affirmative statement. You know what? You didn't provide evidence of similarly situated persons of other races who could have been arrested or investigated, but were not. So the other argument that they make, and we didn't explore this so much, but the district court does say, so it's difficult to even figure out how the government would have known his race or gender based on the internal communications. You've sort of taken that and defended that to say, hey, if you, the government almost seems to be advocating for a rule that says if you don't know the race, or there's no evidence that they knew about the race, then you can't have a selective enforcement claim at all, and therefore you can't get discovery. Is that the position you're taking? No. And you know what? The only thing I want to say is like, we are not advocating any black letter rules here. This is abusive discretion. It's an inherently flexible standard. You know, I don't think I could get up here credibly and say there always has to be this. There always has to be a certain statistics. All we're saying is that it's abusive discretion. The question is whether the district court is saying something that's illogical or without foundation in the record. Here, even Sellers itself, it says, because the defense quotes this a million times in their reply brief, you need something more than mere speculation. The sentence doesn't end there at Sellers. It says what that something more is will vary from case to case. This is a very unique subtext of cases as all the government's pointing out, and I believe that's what the judge was centering on because, you know, unlike those drug stash houses, there's, you know, when you look at Davis, Washington, Sellers, they knew exactly who they were dealing with. Here, you know, Deputy Matthews, we introduced an affidavit. It was unrebutted below. Her practice is she never initiates direct messaging, and she replies to every single person out there who, you know, messages her without regard to race. One thing on that is a little bit troubling in this case is that you keep saying she didn't initiate anything, but she did go on the defendant's feed and view his story in a way that would enable him to see her. I'm not on social media, so I'm going to botch the terminology, but, you know, that he could, that's arguably why he initiated, you know, arguably she initiated some sort of contact even if she didn't message him. He became aware of her presence because she initiated something, so why do you keep saying she didn't initiate anything? Well, I didn't say she didn't initiate anything, and I will be clear, it's just no communication, and I'm not so hot with social media myself. LinkedIn is about as sophisticated as I get, but if I understand it, I mean, I could follow Beyonce's account. Does that mean I'm sending her a message? Is she even going to notice me? All the government is saying that the concern is selective enforcement. Communication ought to be what matters, because even here... Well, the concern is, I understand it, is that she clearly got onto his account, and there are apparently certain stories that disappear, you know, 24 hours later, so we don't know what they are, but those stories may have indicated to the investigator that Green was black. Now, that may altogether be possible, but what I would simply say on behalf of the government is there's no evidence of that. It was his phone, he could have put an affidavit, he could have put something to that effect. Aside from that, when you look at the actual screen grabs, and again, I'm not that good with social media myself, but you look at it, he literally has the word pimp in his title screen. He doesn't have his picture. It's a picture of the globe. What evidence we do have him of introducing pictures or videos were not himself. Would this be a different case if he'd put in that affidavit and said, listen, I was talking about going... I support Black Lives Matter. I had stories about the African American church that I went to. I mean, would that be a different case? It could very well, and if that evidence, if we have those facts, the district court would have had a different calculus of information. This court would be looking at it differently, but all I'm saying is... I know it's his duty to put that in because that is evidence that he would have had control over. I mean, because the flip side of this is it's hard to require, and this I think is what Sellers was grappling with. It's hard to require the defendant to put forward a lot of evidence. They don't have access to the records. Now, your opposing counsel has said, well, the government could have come back and said, yeah, you've cherry picked these eight cases, but we have this data. It's a lot different than this picture. Why didn't the government do that? The first thing I would just respectfully push back on, this is a motion. They have the burden of proof. It's nothing on the government. They have the burden of proof, but the burden is speculation. It's not real high, but again, it has to, and what that is will depend on the circumstances of every case. I think I know the answer to this. The government doesn't want to be held to having to effectively prove its case, but it would be an easy way to just say, listen, you've cherry picked. We could give you some rudimentary data and it would end this whole debate, right? I mean, it could in theory, but again, I don't know what precedent that sets, not just in this context, but if we don't have the burden of proof and these things weren't introduced into the evidence at trial, it's hard for me on appeal to get up then and say, I don't have those statistics. They're not in my fingertips, and so if it's the defendant who wants to make this claim and it was brought 10 months after arrest, I mean, there are other avenues out there. There's freedom of information requests. We understand, you know, sellers, it's hard to... They wouldn't be able to get this under FOIA, would they? Well, from the state court, at least make an effort, you know, that I think is incumbent on... That would take three years, you know, to get it, and you guys are the people, I mean, that's... But I don't know. I mean, these are the kind of things, if the idea is that it's supposed to be the burden of proof on the defendant, like at least make the effort to show it, you know? Let me ask you this. If the paragraph before the and on 266 were not there, would the government lose? Well, that's a good question, Your Honor. I mean... Because the way I read sellers, I think the answer is yes. I mean, query whether sellers meant that, but I think that's what sellers says. Sellers says you can't require intent, and if the district court had only looked at intent and said it's not there, I think that would be abuse of discretion, wouldn't it? It could be in that direction, but again, I don't think that all that that's saying, that statement itself is inherently... No, I'm asking you a pure hypothetical. I actually think the district court applied sellers and saved itself because of that paragraph above. Yeah. But if it wasn't there, I actually think the government would probably lose. It would be a lot harder, and I'm not trying to run away from your question. I'm assuming that first paragraph's not there. All I'm saying is that that first sentence, if it says I don't think there's evidence of discriminatory intent, then I'd say for sure we lose. But when it says I don't think there's a sufficient basis to go forward with the claim, the way the court is hedging that is basically saying I'm applying a threshold showing, which tells me that the court definitely realizes that we're only at the discovery phase. She's not actually holding the defense on the merits. I think that's the only thing I can say about that sentence. And unless there are any further questions, the government would submit. Thank you. Thank you. We'll give you a few minutes for rebuttal. Thank you, Your Honor. Your Honors, I just want to get back to this idea about the government's obligation or lack thereof to respond with countervailing evidence about the nature of prosecutions and arrests. Again, flowing from this very specific investigative technique that we are highlighting here, which is online social media stings conducted by the task force, the federal task force. I just think it's disingenuous, to be honest, to suggest that the reason the government came back with no additional data is because it didn't want to set a bad precedent. Because if that were really the case, it wouldn't have come back with Rojas. It comes back with Rojas to try and rebut our data. Eight out of eight defendants are black men. And it says, oh, there's one additional defendant that we found who's not a black man. He's a Hispanic man, but he's not a black man. And I think it's reasonable to infer from that action that if the government had other data available, and again, we're not talking about going through the case files. We're talking about what are the case numbers so that I can go on Pacer and confirm, oh, okay, yes, based on the information that's publicly available, or based on further investigation that we do by talking to the defense attorneys like we did for our data sample to determine what the racial composition of these defendants is, that weakens our position or makes it completely unavailable to us. But the government didn't do that. And I think it's reasonable to infer it's because the data does not exist. So looking at the data as it exists, again, this is more than mere speculation. If we look at the numbers that were produced in Sellers, in Washington, in Davis. Now, again, they're not completely dispositive because there's more work to be done in the district court in each of those cases. But the circuit courts deciding those cases in each instance was looking at data that was less than 100 percent. In some cases, significantly less, but maybe 85, 90 percent. If the courts had said that is not enough, or the courts could have said that is not enough to show effect, you lose irrespective of anything else. They could have done that, but they didn't. The cases remained alive for the district court to review under the proper standard. So the notion that eight out of eight or even eight out of nine defendants being black men is not sufficient to clear, again, as Judge Nelson, you indicated, the low threshold established by Sellers, which is just more than mere speculation. And I think, Judge Nelson, you seize on sort of the reason that Sellers articulated that standard, which is that defense has a difficulty accessing the data. It's not publicly available in most instances. The government speculates that there are other means to obtain that data, but realistically, on the timeline in which these cases operate and the mechanisms that actually available, the defense did the best that it could. Yeah, we would like to go over. We appreciate the arguments by both sides in this case, and the case is now submitted.
judges: NELSON, LEE, SUNG